ROB BONTA, State Bar No. 202668
Attorney General of California
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
JAMES MATHISON, State Bar No. 149387
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6274
  Fax:  (916) 324-5205
  E-mail:  James.Mathison@doj.ca.gov
*Attorneys for Defendants A. Hodges and O. Martinez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **SUSAN OTTELE and WILLIAM COLLIER, JR.**, on their own behalf and on the behalf of the Estate of Adam J. Collier, decedent,<br><br>Plaintiffs,<br><br>v.<br><br>**OSCAR MARTINEZ and AARON HODGES and DOES 1-10, inclusive,**<br><br>Defendants. | 1:22-cv-00187 JLT BAK<br><br>**ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants A. Hodges and O. Martinez answer Plaintiff's First Amended Complaint (FAC) (ECF No. 13) as follows. All allegations not expressly admitted are denied.

1. In response to paragraphs 2, 3, 4, 10, 11 and 59, Defendants admit the allegations.

2. In response to paragraphs 32, 39, 42, 52, 53, 54, 55, 56, 57, 74, 75, 76, 79, 80 and 84, Defendants deny the allegations.

///

///

1

3. In response to paragraphs 5, 6, 7, 8, 9, 12-30, 33, 35, 40, 41, 43-50, 60-64, 67-72, 77 and 84, Defendants lack knowledge or information sufficient to admit or deny the allegations, and on that basis deny them.

4. In response to paragraph 1, Defendants admit that Adam Collier died by suicide due to cutting himself while incarcerated at Kern Valley State Prison on October 17, 2020. Defendants deny that Adam Collier was last seen in his cell by correctional officers on the morning of October 17, 2020. Defendants admit that Defendant Hodges found Adam Collier unresponsive in his cell at approximately 3:30 p.m. that day. Defendants deny that they were deliberately indifferent toward Adam Collier, and correspondingly deny that their actions or inactions caused Adam Collier's death. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

5. In response to paragraph 31, Defendants admit that Defendant Martinez was working with Defendant Hodges in the building where Adam Collier was housed on October 17, 2020. Defendants deny that they were aware of Adam Collier's history of suicide attempts that are alleged in the prior paragraphs of the FAC. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

6. In response to paragraph 34, Defendants admit that Adam Collier died by suicide on October 17, 2020, by cutting himself and dying of exsanguination. Defendants deny that they were deliberately indifferent toward Adam Collier, and correspondingly deny that their actions or inactions caused Adam Collier's death. Defendants deny that Adam Collier had not been checked on for many hours before he was found unresponsive in his cell at approximately 3:30 p.m.

7. In response to paragraph 36, Defendants admit that Adam Collier was housed single-celled on October 17, 2020. Defendants admit that a nail clipper was found in the cell after Adam Collier had been removed from the cell on October 17, 2020. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

8. In response to paragraph 37, Defendants deny that they saw Adam Collier in the morning hours of October 17, 2020. Defendants deny that no further checks were made on Adam Collier until he was found unresponsive in his cell at approximately 3:30 p.m. on October 17,

2020. Defendants admit that they found Adam Collier unresponsive in his cell at approximately 3:30 p.m. that day and that they then activated an alarm to summon prison medical staff. Defendants admit that Adam Collier was transported to the prison Treatment and Triage Area at approximately 3:40 p.m. that day and that he was pronounced dead at approximately 4:00 p.m. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

9. In response to paragraph 38, Defendants deny that they knew that Adam Collier had injured himself using nail clippers on occasions prior to October 17, 2020. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

10. In response to paragraph 66, Defendants admit that Adam Collier was in a single cell on October 17, 2020. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

11. In response to paragraph 83, Defendants deny that their actions or inactions caused Adam Collier's death. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations, and on that basis deny them.

12. In response to paragraphs 51, 58, 65, 73, 78 and 81, as these paragraphs merely re-allege previous paragraphs of the complaint, Defendant references the responses to those paragraphs, set forth herein.

13. In response to the paragraph under the heading "PRAYER FOR RELIEF," Defendants deny that Plaintiffs are entitled to the relief requested or to any recovery in this action.

## AFFIRMATIVE DEFENSES

1. Defendants are entitled to qualified immunity on Plaintiffs' federal claims because they committed no constitutional violations, and a reasonable person in Defendant's position would have believed their conduct was lawful.

2. Under California Government Code section 820.8, Defendants, as employees of the California Department of Corrections and Rehabilitation, a public agency, are not liable for injuries caused by the acts or omissions of other persons.

3. Under California Government Code section 845.2, Defendants, as employees of the California Department of Corrections and Rehabilitation, a public agency, are not liable for failure to provide sufficient prison personnel.

4. Under California Government Code section 845.6, Defendants, as employees of the California Department of Corrections and Rehabilitation, a public agency, are not liable for injury caused by failure to furnish medical care.

5. Under California Government Code section 855.6, Defendants, as employees of the California Department of Corrections and Rehabilitation, a public agency, are not liable for injury caused by failure to make a physical or mental examination.

6. Under California Government Code section 855.8, Defendants, as employees of the California Department of Corrections and Rehabilitation, a public agency, are not liable for injury caused by failure to diagnose mental illness.

7. The decedent's conduct contributed to Plaintiffs' damages, if any.

8. Defendants allege that to the extent, and only in the event, that they are found liable to Plaintiffs in any sum whatsoever, which liability Defendants expressly deny and dispute, such liability in whole or in part will be the direct or imputed fault and responsibility of other parties, be they the plaintiff, cross-complainants or cross-defendants, and/or other third parties. As a result, Defendants request that in such an event, an apportionment of fault and responsibility be made among all parties in accordance with those equitable apportionment principles set forth in *Li v. Yellow Cab Company*. 13 Cal.3d 84 (1975), and *American Motorcycle Association v. Superior Court*, 20 Cal.3d 578 (1978). Defendants further request that a judgment and declaration of total or partial indemnification and distribution issue against all other parties in accordance with such apportionment of fault and responsibility.

9. Plaintiffs have failed to mitigate their damages.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that this action be tried by and before a jury to the extent provided by law.

///

PRAYER FOR RELIEF

Defendants pray that the Court provide the following relief:

1. Dismissal of the first amended complaint;
2. Entry of judgment for Defendants;
3. An award of costs of suit to Defendants; and
4. Such other relief as the Court deems proper.

Dated:  June 21, 2022                              Respectfully submitted,

ROB BONTA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

*/s/ James Mathison*

JAMES MATHISON
Deputy Attorney General
*Attorneys for Defendants A. Hodges and O. Martinez*

SA2022301225
36239341.docx

# CERTIFICATE OF SERVICE

Case Name:   **Ottele, et al. v. Martinez, et al.**          No.      **1:22-cv-00187 JLT BAK**

I hereby certify that on **June 21, 2022**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 21, 2022, at Sacramento, California.

|  |  |
|---|---|
| D. Jones | */s/ D. Jones* |
| Declarant | Signature |

SA2022301225
36271136.docx