IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SUSAN OTTELE and WILLIAM COLLIER, JR., on their own behalf and on the behalf of the Estate of Adam J. Collier, decedent, ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>OSCAR MARTINEZ and AARON HODGES and DOES 1-10, inclusive,,<br><br>　　　　　　　　　　Defendants. | 1:22-cv-00187-JLT-CDB<br><br>**PROTECTIVE ORDER** |

　　The Court recognizes that at least some of the documents, information and materials that may be sought through discovery in the above-captioned action are claimed to be protected under the privacy privilege and the official information privilege, and are normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

　　The materials to be exchanged throughout the course of the litigation between the parties may contain information that is confidential, protected by the privacy rights of the parties or third

1  parties, or otherwise be protected by the official information privilege. The purpose of this Order
2  is to protect the confidentiality of such materials as much as practical during the litigation.
3       Pursuant to Local Rule 141.1(c)(1), the parties have indicated that the types of information
4  eligible for protection under this order are materials which contain sensitive information related to
5  the security of CDCR institutions and personnel.  Pursuant to Local Rule 141.1(c)(2), the parties
6  represent that there is a particular need for the protection of this information because of the need
7  to preserve institutional security for CDCR and the need to safeguard personal information of
8  CDCR employees.  Given the importance of the need for institutional security and the
9  preservation of individual employees from threats or risk of bodily injury, the parties agree, and
10 the Court concurs, that this matter should be addressed by court order, as opposed to a private
11 agreement between the parties, to ensure its enforceability through the power of contempt, if
12 necessary.
13      THEREFORE:

## DEFINITIONS

15      1.    The term "confidential information" will mean and include information contained or
16 disclosed in any materials, including documents, portions of documents, answers to
17 interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and
18 transcripts of trial testimony and depositions, including data, summaries, and compilations
19 derived therefrom that is deemed to be confidential information by any party to which it belongs.
20      2.    The term "materials" will include, but is not limited to: documents; correspondence;
21 memoranda; bulletins; blueprints; specifications; minutes; telegrams; letters; drafts; worksheets;
22 notes of conversations; desk diaries; appointment books; recordings; photographs; motion
23 pictures; compilations from which information can be obtained and translated into reasonably
24 usable form through detection devices; sketches; drawings; notes (including laboratory notebooks
25 and records); reports; instructions; disclosures; other writings; models and prototypes and other
26 physical objects.
27      3.    The term "counsel" will mean counsel of record, and other attorneys, paralegals,
28 secretaries, and support staff employed in the law offices identified below:

Rob Bonta
Attorney General of California
R. Lawrence Bragg
Supervising Deputy Attorney General
James Mathison
Deputy Attorney General
State Bar No. 149387
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 994244-2550
Telephone: (916) 210-6274
Fax: (916) 324-5205
E-mail: James.Mathison@doj.ca.gov


California Department of Corrections and Rehabilitation
California Correctional Health Care Services
Office of Legal Affairs

Christopher A. Lisieski, State Bar No. 321862
Wagner Jones Helsley PC
265 E. River Park Circle, Suite 310
Fresno, CA 93720
Telephone: (559) 233-4800
Fax: (559) 233-9330
E-mail: clisieski@wjhattorneys.com

GENERAL RULES

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a.  Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could potentially place the safety of non-parties at risk, or result in the disclosure of confidential, personal information concerning non-parties.

b.  Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive

1  by the party, including but not limited information that potentially places the safety of non-parties
2  at risk, or results in the disclosure of confidential, personal information concerning non-parties.

3      5.    In the event the producing party elects to produce materials for inspection, no
4  marking need be made by the producing party in advance of the initial inspection. For purposes of
5  the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR
6  COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter,
7  upon selection of specified materials for copying by the inspecting party, the producing party
8  must, within a reasonable time prior to producing those materials to the inspecting party, mark the
9  copies of those materials that contain confidential information with the appropriate confidentiality
10 marking.

11     6.    Whenever a deposition taken on behalf of any party involves a disclosure of
12 confidential information of any party:

13     a.    the deposition or portions of the deposition must be designated as containing
14 confidential information subject to the provisions of this Order; such designation must be made
15 on the record whenever possible, but a party may designate portions of depositions as containing
16 confidential information after transcription of the proceedings; [A] party will have until fourteen
17 (14) days after receipt of the deposition transcript to inform the other party or parties to the action
18 of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL -
19 FOR COUNSEL ONLY."

20     b.    the disclosing party will have the right to exclude from attendance at the deposition,
21 during such time as the confidential information is to be disclosed, any person other than the
22 deponent, counsel (including their staff and associates), the court reporter, and the person(s)
23 agreed upon pursuant to paragraph 8 below; and

24     c.    the originals of the deposition transcripts and all copies of the deposition must bear
25 the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate,
26 and the original or any copy ultimately presented to a court for filing must not be filed unless and
27 until the party marking the transcript as "CONFIDENTIAL" or "CONFIDENTIAL – FOR
28 COUNSEL ONLY" has had an opportunity to request that any filing be made under seal.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. This provision does not prevent the submission of materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" as exhibits, if the party claiming confidentiality has had the opportunity to seek sealing, as discussed under Paragraph 11, below.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the expert signing the attached Agreement and Acknowledgment to be bound by this Protective Order.

9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a) Executives who are required to participate in policy decisions with reference to this action;

b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

c) Stenographic and clerical employees associated with the individuals identified above; and

d) Any individual parties to the litigation.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

1  11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3 and the persons authorized to view those documents under Paragraphs 8 and 9.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must advise the party which has designated the materials as Confidential which materials they intend to submit and allow them to seek permission of the Court to have the material be filed under seal. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the material permitted by law to be sealed.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting or designating party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the

unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY - SUBJECT TO PROTECTIVE ORDER."

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, unless the producing party has requested a return of all confidential information, counsel for each party must destroy all confidential information, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney-work-product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Absent an ex parte motion made within ten (10) calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

8

Protective Order   (1:22-cv-00187-JLT-CDB)

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Protective Order and the parties' stipulation do not change, amend, or circumvent any Court rule or Local Rule.

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES MAGISTRATE JUDGE

SA2022301225
36696033.docx