UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN OTTELE, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>OSCAR MARTINEZ and AARON HODGES, and DOES 1-10 inclusive,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00187-JLT-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE**<br><br>(Doc. 45) |

**BACKGROUND**

Plaintiff is the mother of Adam Collier (the Decedent), who died by suicide while incarcerated at Kern Valley State Prison in Delano, California. Plaintiff and her since deceased husband, William Collier Jr.,[1] initiated this action with the filing of a complaint on February 14, 2022. (Doc. 1). The operative First Amended Complaint ("FAC") was filed on May 25, 2022. (Doc. 13). In the FAC, Plaintiff raises claims pursuant to 42 U.S.C. § 1983 for deliberate

---

[1] The instant motion was filed by Plaintiff Ottele. On October 13, 2022, counsel for Plaintiffs filed a notice of suggestion of death that Plaintiff Collier died on August 21, 2022. (Doc. 23). No motion for substitution has been timely made. *See* Fed. R. Civ. P. 25(a)(1). Accordingly, the Court ordered Plaintiff to show cause why Plaintiff Collier should not be dismissed from this action, or alternatively, to file a stipulation of dismissal as to Plaintiff Collier. (Doc. 50) (citing Fed. R. Civ. P. 41(a)(1)(A)(ii)). Plaintiff Collier remains a named party to the action pending Plaintiffs' response to the Court's show cause order (due October 4, 2023).

indifference and related state law claims under California's Bane Act and for wrongful death against correctional officers Oscar Martinez, Aaron Hodges, and Does 1-10, inclusive. *Id*.

According to the FAC, the Decedent had a well-documented history of mental illness, including various instances of attempted suicide and self-harm. (Doc. 13 ¶ 1). The Decedent's body was found in his cell by correctional officers on October 17, 2020, at 3:32 p.m., approximately eight or nine hours after a correctional officer last saw him. *Id*.

There are two groups of Doe Defendants that are ascertainable from the FAC. The first group consists of prison medical staff who allegedly demonstrated deliberate indifference by failing to adequately treat the Decedent's mental and physical ailments. *Id*. ¶ 46, 61. The second group is comprised of correctional officers who like, Defendants Martinez and Hodges, transferred the Decedent to the cell where he ultimately killed himself. Plaintiff alleges that these Doe Defendants recklessly disregarded the Decedent's risk of suicide by failing to prevent his access to sharp instruments as well as failing to adequately monitor him. *Id*. ¶ 50, 55.

**A. Procedural Posture**

On July 27, 2022, in advance of the case scheduling conference, the parties submitted a joint scheduling report. (Doc. 19). In that report, the parties represented that the only amendment to the pleadings contemplated would be to "add a Doe defendant, if an appropriate party can be identified during discovery, to the Third Cause of Action." *Id*. ¶ 2. Plaintiffs represented that they would address the topic of pleading amendments at the mid-discovery status conference. *Id.* Thereafter, on July 29, 2022, the Court entered a scheduling order. (Doc. 20). Among other things, the scheduling order directed that any requested pleading amendments be filed, either through a stipulation or motion to amend, no later than November 4, 2022. *Id.* Sec. II. *See* Fed. R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to [*inter alia*] join other parties [and] amend the pleadings"). The scheduling order also provided: "**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend**." *Id.* Sec. IV (emphasis in original).

No party sought to amend the pleadings by the November 4 deadline, and Plaintiff did not raise the issue either in the parties' mid-discovery status conference report (filed December 14,

2022) or at the subsequent mid-discovery status conference (held December 21, 2022). (Docs. 26, 29). However, as anticipated by the parties and communicated to the Court in their joint report and at the conference, on December 27, 2022, the parties filed a stipulation seeking a 90-day extension of all case management dates. (Doc. 30). The parties represented that such an extension was warranted for three reasons: their delay in finalizing a protective order; the written discovery that remained to be completed; and the trial and litigation workload and schedules of the parties' counsel. *Id*. p. 2. The following day (December 28, 2022), the Court found good cause to grant the parties' stipulated request to extend all case management deadlines, including discovery, motion and trial dates, by 90 days. (Doc. 31). Pursuant to the amended case management dates, nonexpert discovery was to close on May 8, 2023. *Id*.

On the date nonexpert discovery closed (May 8, 2023), Plaintiffs filed an opposed request for a second 90-day extension of all case management dates. (Docs. 34-36). Plaintiffs represented that such an extension was warranted because recently substituted counsel reviewed the case file and determined that additional written discovery and depositions were needed. (Doc. 34 p. 2). Plaintiff additionally sought *nunc pro tunc* a ten-month extension of the long since-expired deadline to amend the pleadings. *Id.* p. 4. Plaintiff argued: "Based on the information obtained through depositions, Plaintiff has learned of additional parties to be added to the First Amended Complaint, including floor Officers Camida, Stewart, and Chavez and mental health clinicians Heather Diaz, Holly Smuzynski, Jaime Howard, and Kimberly Boyd-Bowman." *Id.*

Given the untimeliness of Plaintiff's motion (*see supra*) and the fact that nonexpert discovery was closed, the Court accelerated the deadline for the filing by Defendants of any opposition to May 15, 2023, and advanced the motion hearing to May 16, 2023. (Doc. 37). Following the hearing, the Court denied Plaintiffs' motion. (Doc. 40). In short, after reviewing the pleadings, the parties' briefs and their arguments during the motion hearing, the Court concluded that Plaintiffs had failed to meet their burden of demonstrating diligence sufficient to warrant further extensions of the case management dates. Among other things, the Court reasoned that Plaintiffs were seeking additional time to conduct discovery in part to further

develop theories of liability that Plaintiffs articulated approximately one year earlier in the FAC[2] when the names of the possibly liable correctional officers and mental health clinicians had been known to Plaintiffs since before the Court granted the parties' first request for a 90-day extension of discovery. *Id*. pp. 5-6. The Court separately declined to extend the time for Plaintiffs to file an amended pleading, noting that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Id*. p. 8 (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)).

**B. Plaintiff's Pending Motion for Substitution of Doe Defendants and Defendant Hodges**

On August 29, 2023 – more than three months *after* the Court denied her earlier motion to extend the deadline to amend her pleadings – Plaintiff filed a motion to substitute Defendant Does 1 through 8 and the successor in interest for the estate of deceased Defendant Aaron Hodges. (Doc. 45). Plaintiff's motion seeks to substitute three of the Doe Defendants with correctional Officers Stewart, Chavez, and Camacho. (Doc. 45 p.1). Plaintiff also seek to substitute five Doe Defendants with mental health clinicians Heather Diaz, Holly Smuzynski, Jaime Howard, Kimberly Boyd-Bowman, and Edith Gutierrez. *Id*. Apart from Edith Gutierrez, all proposed substituted Doe Defendants are the same individuals identified in Plaintiff's earlier motion to extend the deadline for amending the operative complaint. (*compare,* Doc. 35 p. 7 *with* Doc. 45 p. 1). Defendants filed an opposition on September 15, 2023. (Doc. 46). On September 21, 2023, Plaintiffs timely filed a reply brief (Doc. 48), to which Defendants objected on the limited grounds that Plaintiff's supplementation of the factual record violated Local Rule 230(b). (Doc. 49).

///

---

[2] In fact, the same theories of liability were articulated in the original complaint filed February 14, 2022 – approximately 15 months before Plaintiffs filed their motion for a second extension of case management dates, including the deadline to amend their pleadings. *See* Doc. 1 at ¶¶ 1, 45, 49, 53, 60, 62.

4

**DISCUSSION**

**A. Plaintiff's Motion is Controlled by the Diligence and Good Cause Requirements of Fed. R. Civ. P. 16**

Although Plaintiff refers to Fed. R. Civ. P. 16 in her motion (Doc. 45-1 pp. 4-5), she asserts "Rule 16 is inapplicable here" (Doc. 48 p. 2) and that her motion to amend by way of substituting named defendants for the Doe Defendants is governed solely by Rule 15. (Doc. 45-1 pp. 4-6). As set forth below, Plaintiff is incorrect.

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, a district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend." *Id. E.g., Beech v. San Joaquin County*, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint."); *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard. Here, however, amendment would also require amending the scheduling order, implicating Fed. R. Civ. P. 16."). More specifically, where a party's motion to amend their complaint to substitute named defendants for parties originally identified as "Doe" defendants implicates modification of the scheduling order, "the Court must consider whether Plaintiffs have been diligent" under Rule 16(b)(4). *Dillman v. Tuolumne Cnty.*, No. 1:13-cv-00404-LJO-SKO, 2014 WL 228582, at *5 (E.D. Cal. Jan. 21, 2014). *Accord*, *Nat'l Liab. & Fire Ins. Co. v. Pacific Window Corp.*, No. SACV 03-00608 JVS, 2008 WL 11340360, at *1 (C.D. Cal. May 12, 2008) ("This Court's June 1, 2007 Scheduling Order requires that all motions to amend and add parties be filed within 60 days of the date of the Order … Because this motion [to amend] is brought nearly nine months after that deadline, Federal Rule of Civil Procedure 16(b) governs [plaintiff's] request."). As one Court of Appeals has reasoned: "If we considered only Rule 15(a) without regard to Rule 16(b), we would render

scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Under Rule 16(b) the Court evaluates whether the moving party establishes good cause. Fed. R. Civ. P. 16 (b). The "good cause" standard considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (finding that a belated motion to amend is governed by Rule 16 and not Rule 15(a)). Under Rule 16, if a "party was not diligent, the inquiry should end." *Id.* at 607-08. "Only upon a finding of good cause will the court then evaluate the request to amend the complaint under Rule 15(a)'s standards." *Baugher Ranch Organics v. Great Host Int'l, Inc.*, No. 2:21-cv-00646-MCE-DB, 2023 WL 6164029, at *1-2 (E.D. Cal Sept. 21, 2023) (declining to conduct a Rule 15 analysis after finding that the moving party failed to establish good cause).

Citing to its unpublished decision in *Viehmeyer v. City of Santa Ana*, Plaintiff asserts that "the Ninth Circuit has expressly stated that [Rule 16's good cause] requirements are 'tempered' by California's rule on Defendant Does because Section 1983 does not contain a statute of limitations." (Doc. 45-1 p. 7) (citing 67 Fed. Appx. 470, 472 (9th Cir. 2003)). (*See id.* p. 4) ("Rule 16 *must* be 'tempered' by California law on 'Doe' defendants because Section 1983 does not contain a statute of limitations."). But that mischaracterizes the Court's holding. In *Viehmeyer*, the plaintiff (like Plaintiff here) sought to amend his pleadings to substitute named defendants for Doe defendants and argued that California's three-year allowance under Cal. Civ. P. Code Section 474 to substitute named parties for Doe defendants should govern. 67 Fed. Appx. at 472. Contrary to Plaintiff's assertion that the *Viehmeyer* Court adopted the plaintiff's contention in this regard, the Court *expressly declined* to answer that legal question. Instead, the Court concluded that under the "totality of the circumstances," including the "various impediments" plaintiff encountered in discovering the identities of the Doe defendants, plaintiff should have been allowed to substitute the officers in question. *Id.*[3]

---

[3] Other cases Plaintiff cites in support of this proposition, including *Kreines v. United States*, 959 F.2d 834 (9th Cir. 1992), and *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988), are not analogous. (*See* Doc. 45-1 pp. 5-6; Doc. 48 p. 3). In those cases, the issue of a

Unlike the plaintiff in *Viehmeyer*, Plaintiff here identifies no such "impediments" that reasonably undermined her ability to discover the Doe Defendants' identities during the extended period of nonexpert discovery allowed.  During oral argument on her earlier motion to extend the deadline to amend her pleadings – filed on the date the previously extended period for conducting nonexpert discovery closed – Plaintiff conceded that former lead counsel may not have proceeded expeditiously through discovery, thereby requiring new lead counsel to seek a second extension of case management dates. (Doc. 40 p. 6).  The Court reiterates that while parties should not necessarily bear the consequences of imperfect counsel diligence, it is the parties themselves that "ultimately [are] responsible for the acts and omissions of the representatives [they] voluntarily choose []; [they] cannot now avoid their consequences." *Id.* (citing *Yeager v. Yeager*, No. 2:06-cv-001196-JAM-EFB, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")).

Consistent with the authority cited above, Rule 16 and its incumbent "good cause" and diligence requirements unquestionably control whether Plaintiff's request for leave to amend by way of substituting the Doe Defendants – filed months after the close of nonexpert discovery – should be granted.  For the same reasons this Court exhaustively catalogued in its May 8 Order denying Plaintiff's request for a second, 90-day extension of discovery dates and for an extension of time to seek leave to amend (*see generally* Doc. 40), the Court concludes that leave to amend is unavailable given Plaintiff's failure to exercise reasonable diligence during the period of extended discovery.  *E.g., Nat'l Liab. & Fire Ins. Co.*, No. SACV 03-00608 JVS, 2008 WL 11340360, at *3 (C.D. Cal. May 12, 2008) ("Because no good cause to amend the pleadings exists under Rule 16(b), this Court need not consider whether [plaintiff] would be permitted to

---

moving plaintiff's diligence in undertaking discovery and complying with a Court-ordered deadline to amend pleadings was not at issue. *Cf. Steinmeier v. County of San Diego*, No. 18-cv-1603 JM (WVG), 2020 WL 248984, at *6 (S.D. Cal. Jan. 16, 2020) ("*Cabrales* does not empower Plaintiff to amend her Complaint regardless of Rule 16(b)(4)'s good cause standard or her counsel's lack of diligence.").

amend under Rule 15.") (citing *Johnson*, 975 F.3d at 608); *Baugher Ranch Organics*, 2023 WL 6164029, at *1-2 (same).

### B. Plaintiff's Motion for Leave to Amend Separately Fails Rule 15

Although Plaintiff's failure to demonstrate sufficient diligence and good cause to amend the complaint is fatal to her motion (*see supra*), the Court articulates below why, even if Rule 15 applied, leave to amend would not be appropriate.

#### 1. The Governing Legal Standard

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself…is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758

(9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

### 2. Analysis

Granting Plaintiff's motion would reward her unreasonable delay in bringing it (*supra*) and cause undue prejudice to Defendants. Further, as set forth below, given Plaintiff's representations that she does not seek to add any allegations or material facts to the FAC and purports only to seek to substitute named parties (*e.g.*, Doc. 48 p. 5), the Court assesses that futility supports denial of leave to amend because the anticipated amended pleading (the current FAC adding only the names of substituted parties would be subject to dismissal.

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. Here, Plaintiff argues that Defendant Martinez would not be prejudiced by the requested substitution since he would not need to expend any additional resources responding to the amended complaint. (Doc 45-1 pp. 6, 8). However, Defendant Martinez's litigation interests would not necessarily align with newly added correctional officer defendants and the Court will not presume that he would not be entitled to and seek additional discovery were they added. Moreover, Plaintiff's argument overlooks the fact that the newly added parties all would need to engage in their own discovery, file their own motions, or even retain their own counsel. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Coleman*, 232 F.3d at 1295 (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999)).[4] *See Johnson v. Country of Kern*, No. 1:20-cv-01062-

---

[4] The Ninth Circuit's decision in *United States v. Howey* – which Plaintiff cites for the proposition that leave to amend should not be denied solely on the grounds of undue delay (Doc. 45-1 pp. 7-8) – reinforces the Court's conclusion in this regard. 481 F.2d 1187, 1191 ("If extensive discovery was still needed, then the court's denial of the government's motion for leave to amend might have been correct."). *Accord, Solomon v. N. Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir.1998) ("the district court's conclusion that Solomon's motion to amend would cause undue delay and prejudice was not an abuse of discretion. Solomon made the motion on the eve of the discovery deadline. Allowing the motion would have required re-opening

1 JLT-BAK (EPG), 2022 WL 1778015, at *5 (E.D. Cal. Jun. 1, 2022) (finding prejudice where
2 adding numerous Doe defendants sought to be substituted would require additional discovery and
3 dispositive motions and possible retention of outside counsel given county counsel's necessary
4 conflict of interest protocols).

5 Futility also favors denying Plaintiff's request to substitute the Doe Defendants because
6 the allegations presently in the FAC (which Plaintiff asserts require no amendments) are
7 insufficient to maintain deliberate indifference claims against the defendants sought to be added.
8 "Evaluating whether a proposed amendment is futile requires the Court to determine whether the
9 amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),
10 and in making this evaluation, the Court is confined to review of the proposed amended
11 pleading." *Bertram v. Sizelove*, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 3201838, at *2
12 (E.D. Cal. Aug. 3, 2012) (citing *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011)).

13 "Liability under § 1983 must be based on the personal involvement of the defendant."
14 *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (providing that "[a] plaintiff must
15 allege facts, not simply conclusions, that show that an individual was personally involved in the
16 deprivation of his civil rights"). General allegations that a correctional officer failed to properly
17 conduct cell checks required to verify an inmate's safety and welfare, without more, are
18 conclusory and fail to satisfy Rule 8 pleading standards for a deliberate indifference claim. *See,*
19 *e.g., Cavanaugh v. Cnty. of San Diego*, No. 3:18-cv-02557-BEN-LL, 2020 WL 6703592, at *13
20 (S.D. Cal. Nov. 12, 2020) (dismissing deliberate indifference claims against correctional officers).
21 Likewise, summary assertions that medical staff knowingly provided inadequate medical care –
22 without pleading, for instance, that the staff member directly provided the inmate with care or
23 was personally involved in reviewing records or interviewing the inmate – are insufficient to
24 plead a deliberate indifference claim. *See, e.g., Arellano v. Sedighi*, No. 15-cv-02059-AJB-BGS,
25 2018 WL 1083386, at *9 (S.D. Cal. Feb. 27, 2018) (dismissing deliberate indifference claims
26 against physician and medical executive).

27 Plaintiff pleads in conclusory fashion that the eight Defendants she seeks to add to the

28 discovery, thus delaying the proceedings.").

10

FAC collectively knew the Decedent "was at a high risk for suicide, given his documented past suicide attempts and instances of self-harm." (Doc. 13 ¶¶ 54, 60). While it may be the case that the Decedent had a history of suicide attempts and self-harm, that is not a sufficient factual allegation demonstrating that each of the Doe Defendants was aware of any heightened risk of suicide presented by Decedent; accordingly, the FAC fails to sufficiently allege that the defendants knew of and deliberately disregarded the risk, as required to maintain a deliberate indifference claim. *See, e.g., Bertram v. Sizelove*, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 1205717, at *6 (E.D. Cal. Apr. 11, 2012) ("Plaintiff alleges [three correctional staff defendants] knew Plaintiff's medical condition. Such a conclusory allegation, with no supporting facts, is insufficient to state a claim for Eighth Amendment deliberate indifference."), *F&R adopted*, 2012 WL 3201838 (Aug. 3, 2012); *Tandel v. Cnty. of Sacramento*, No. 2:11-cv-00353-MCE-GGH, 2012 WL 3638449, at *11 (E.D. Cal. Aug. 22, 2012) (same).

"Without sufficient facts as to each Defendant's individualized conduct, Defendants are not provided with the fair notice required under the Federal Rules of Civil Procedure to know the grounds upon which legal claims are being asserted against each Defendant." *Wright v. Yanos*, No. 2:15-cv-02671-TLN-CKD, 2017 WL 6040335, at *4-5 (E.D. Cal. Dec. 6, 2017) (dismissing similarly pleaded deliberate indifference claims against a prison's mental health clinicians as raised by Plaintiff here). That would be the case here were Plaintiff permitted merely to substitute the names of eight defendants without including in the FAC a single, individualized allegation as to how each new defendant was deliberately indifferent.

Thus, apart from Plaintiff's failure to meet her burden under Rule 16 of demonstrating diligence and good cause, because her proposed amendment of the FAC has been unduly delayed, would result in undue prejudice, and offers a futile modification, even if Rule 15 applied, leave to amend would not be warranted.

**C. Plaintiff's Motion for Substitution of Aaron Hodges Pursuant to Rule 25(a)**

On March 2, 2023, Defendants filed a "Notice of Death of a Party" (the "Notice") in which they represented that Defendant A. Hodges died on January 25, 2023. (Doc. 33). Counsel for Defendants represented that Defendant Hodges' "successor-in-interest" is his spouse, Amanda

11

Lynn Hodges, and indicated that Ms. Hodges could be contacted through Defendants' counsel. *Id.* There is no proof of service or other indication in the Notice as to whether it was served on Ms. Hodges.

In the instant motion, Plaintiff seeks to have Ms. Hodges substituted for Defendant Hodges pursuant to Rule 25, Fed. R. Civ. P. (Doc. 45 p. 1). Plaintiff represents in her motion brief that she was "unable to ascertain any other legal representative other than Defendant Hodges' spouse, Amanda Lynn Hodges." *Id.* p. 12.

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of a party who has died:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The ninety-day period for substitution is triggered once a party places on the record a notice or suggestion of death and serves a suggestion of death on other parties and nonparty successors or representatives of the deceased. Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. *Id.* at 232–34.

In evaluating a Rule 25(a)(1) motion, the Court must consider whether: "(1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who…would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

While the parties appear to agree or presume that Plaintiff's motion is timely and that Ms. Hodges is, in fact, a proper party for substitution, the Court is not willing at this stage to grant the

12

1  Plaintiff's request for two separate reasons.

2  First, there is nothing in the record to suggest that Rule 25's service requirement on nonparty representatives and successors has been met.  The Court finds that this service requirement should be enforced here, notwithstanding that the parties agree Plaintiff's motion is timely (and, thus, do not dispute that Rule 25's 90-day timing is satisfied), because "Rule 25(a) seeks to inform *all* interested persons of [a party's] death so that they may take appropriate action." *Gilmore v. Lockard*, 936 F.3d 857, 864 (9th Cir. 2019) (internal quotation and citation omitted) (emphasis added).

Second, although Defendant's counsel referred to Ms. Hodges in the Notice as Defendant Hodges' spouse and "successor-in-interest" (Doc. 33) and Plaintiff represents in her motion that she was unable to identify any other legal representatives (Doc. 45-1 p. 12), the Court lacks sufficient information to conclude with confidence based solely on these unsworn representations that Ms. Hodges is, in fact, the proper party for substitution.  Plaintiff acknowledges in general that California state law governs the contours of substitution (Doc. 45-1 p. 11) but her motion is unsupported by any argument or sworn evidence establishing the propriety of substituting Ms. Hodges.  Thus, it is unclear to the Court whether Defendant Hodges died testate or intestate, whether Ms. Hodges is an appointed or voluntary administratix of the estate, whether any such estate has been distributed, and what California probate or other authority establishes that Ms. Hodges may and should be substituted here.[5]

## CONCLUSION AND ORDER

For the forgoing reasons, it is HEREBY ORDERED that Plaintiff's motion for leave to amend the FAC by way of substituting named parties for the Doe Defendants and substituting a successor in interest for Defendant Hodges (Doc. 45) is DENIED.

Within 30 days of the date of entry of the Order, Plaintiff may renew her motion to

---

[5] Although Defendants do not challenge Plaintiff's assertion that the claims asserted in the FAC survive Defendant Hodges' death, the Court notes those causes of action are subject to the requirements of the California Probate Code, where the general rule is that punitive damages (sought by Plaintiff here) are not recoverable against a decedent's personal representative. *Flores v. City of Westminster*, 873 F.3d 739, 761-62 (9th Cir. 2017) (citing Cal. Civ. Proc. Code § 377.42).

substitute a proper representative or successor for Defendant Hodges pursuant to Rule 25, Fed. R. Civ. P.  Any such renewed motion must be supported by appropriate sworn declarations with exhibits addressing the deficiencies noted herein.

IT IS SO ORDERED.

Dated:   **October 2, 2023**  _____
UNITED STATES MAGISTRATE JUDGE