UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN OTTELE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OSCAR MARTINEZ, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00187-JLT-CDB<br><br>ORDER REQUIRING DEFENDANTS TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' APPLICATION FOR ORDER TO APPOINT SPECIAL ADMINISTRATOR FOR THE ESTATE OF DEFENDANT AARON HODGES<br><br>(Doc. 96)<br><br>OCTOBER 18, 2024 DEADLINE |

**Background**

Plaintiffs Susan Ottele and William Collier, Jr. (collectively, "Plaintiffs") initiated this action on behalf of the Estate of their deceased son, Adam J. Collier, with the filing of a complaint against Defendants Oscar Martinez and Aaron Hodges on February 14, 2022. (Doc. 1). Following the Court's partial grant of Defendants' motion for summary judgment on August 23, 2024, the action proceeds on Plaintiffs' wrongful death claim against Defendant Hodges, who is deceased. (Doc. 82).

On September 25, 2024, the Court directed Defendants to file a renewed suggestion of death, triggering a renewal of the 90-day period within which to substitute a party for Defendant

Hodges. (Doc. 92). On October 2, 2024, Defendants timely filed a renewed notice of suggestion of death of Defendant Hodges. (Doc. 93).

Pending before the Court is Plaintiffs' *ex parte* application for order to appoint special administrator for the estate of Defendant Hodges. (Doc. 96). Neither Plaintiffs' memorandum of points and authorities nor the supporting declaration of attorney Jay A. Christofferson addresses why the application is brought *ex parte*. *See generally* (Docs. 96-1, 96-2).

**Governing Legal Standard**

"The expression '*ex parte* motion' is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-08695 DDP (VBKx), 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).

Local Rule 144(e) provides in relevant part: "Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action." Thus, Courts will consider an *ex parte* motion where "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Additionally, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*

**Discussion**

Plaintiffs' application fails to comply with Local Rule 144(e) as it neither offers an explanation as to why the relief sought cannot be had through regular motion procedures nor addresses why the relief cannot be facilitated through stipulated request.

The current deadline to seek substitution of a party following Defendants' renewed filing of notice of suggestion of death is December 31, 2024. Although unstated by Plaintiffs, the Court infers they seek expedited treatment of their application to maximize time available for

1  the requested appointment of a special administrator.  Nevertheless, Plaintiffs have not
2  demonstrated the need for *ex parte* relief from the Court or identified irreparable prejudice that
3  would arise if the application were heard according to regular noticed motion procedures.
4      Based on the foregoing, the Court finds no basis to entertain Plaintiffs' application on an
5  *ex parte* basis.  Instead, the Court shall order Defendants to file an opposition or statement of
6  non-opposition forthwith.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **no later than October 18, 2024**, Defendants shall file an opposition or statement of non-opposition to Plaintiffs' *ex parte* application (Doc. 96).  If Defendants file an opposition to the *ex parte* application, Plaintiffs may file a reply no later than **October 23, 2024**.

IT IS SO ORDERED.

Dated:   **October 10, 2024**                                    _____
                                                                 UNITED STATES MAGISTRATE JUDGE