UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN OTTELE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OSCAR MARTINEZ, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00187-JLT-CDB<br><br>ORDER DENYING PLAINTIFFS' APPLICATION FOR ORDER TO APPOINT SPECIAL ADMINISTRATOR FOR THE ESTATE OF DEFENDANT AARON HODGES<br><br>(Doc. 96) |

Plaintiffs Susan Ottele and William Collier, Jr. (collectively, "Plaintiffs"), initiated this action with the filing of a complaint on February 14, 2022. (Doc. 1).

Pending before the Court is Plaintiffs' application for order to appoint special administrator for the estate of Defendant Aaron Hodges, filed in purported *ex parte* fashion on October 9, 2024. (Doc. 96). Finding that Plaintiffs failed to demonstrate that *ex parte* relief was warranted, on October 10, 2024, the Court ordered Defendants to file an opposition or statement of non-opposition to Plaintiffs' application. (Doc. 97). On October 17, 2024, Defendants timely filed their opposition. (Doc. 100).

///

## I. RELEVANT BACKGROUND

Plaintiff Susan Ottele, proceeding individually and on behalf of the estate of Adam Collier, is the mother of Adam Collier, who died by suicide while incarcerated at the Kern Valley State Prison ("KVSP") in Delano, California. (Doc. 1). Defendant Oscar Martinez is a correctional officer for the California Department of Corrections and Rehabilitation ("CDCR") and KVSP. *Id.* at 3. Defendant Aaron Hodges was a correctional officer for CDCR and KVSP. *Id.* In Defendants' initial notice of suggestion of death, they represent that Defendant Hodges died on January 25, 2023, and that his successor-in-interest is his spouse, Amanda Lynn Hodges. (Doc. 33).

Plaintiffs allege causes of action against Defendants under 42 U.S.C. § 1983 for Eighth Amendment violations involving cruel and unusual punishment, deliberate indifference to medical needs, and inadequate housing; Fourteenth Amendment loss of companionship (substantive due process); California Civil Code § 52.1 ("Bane Act"); and wrongful death and survivorship under California Code of Civil Procedure §§ 377.30 and 377.60, *et seq. See* (Doc. 1). On August 23, 2024, the Court granted Defendants' motion for summary judgment (Doc. 57) as to the Eighth Amendment, Fourteenth Amendment, and Bane Act claims, but denied it as to the wrongful death claim. (Doc. 82).

On September 6, 2024, Defendants filed a limited motion for reconsideration as to only the final sentence of the Court's order on Defendants' motion for summary judgment, which directed the parties to identify dates for trial-setting conference. (Doc. 85). Defendants argued that the "only remaining claim is against a deceased party who has not been properly substituted under Rule 25" and thus the case could not proceed to trial. *Id.* at 5. On September 18, 2024, Plaintiffs filed an opposition. (Doc. 89). On September 24, 2024, Defendants filed a reply in which they agreed to file a renewed notice of suggestion of death. (Doc. 91). On September 25, 2024, the Court ordered Defendants to file a renewed notice of suggestion of death – effectively restarting the 90-day period within which to substitute a party. (Doc. 92). Defendants timely filed the renewed notice on October 2, 2024. (Doc. 93).

In Defendants' renewed notice of suggestion of death, they provide the same date of death

for Defendant Hodges (January 25, 2023). *Id.* Defendants also provide that they conducted an electronic search of active probate matters on the LexisNexis CourtLink database for California state records but did not locate any such matters in Defendant Hodges' name. Defendants also state that his successor-in-interest is his spouse, Amanda Lynn Hodges, and Anthony Jones has power of attorney. *Id.* at 2.

## II.     APPLICABLE LAW

Federal courts do not have subject matter jurisdiction over matters that fall within the "probate exception" to federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293, 298 (2006); *see also In re Marshall*, 392 F.3d 1118, 1132 (9th Cir. 2004) (applying the probate exception in a federal question case), rev'd on other grounds, 547 U.S. 293 (2006). In *Marshall v. Marshall*, the Supreme Court explained the scope of this exception: "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." 547 U.S. at 311–12. The *Marshall* court applied a two-part analysis to a claim of tortious interference with an expectancy.

First, the claim did not involve the administration of an estate, the probate of a will, or any other purely probate matter. *Id.* at 312. Second, the claim did not invoke any sound policy considerations in favor of extending the probate exception to cover the matter at hand. *Id.*

The Ninth Circuit has explained, "[i]t is clear after *Marshall* that … the probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (quoting *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008)).

## III.    DISCUSSION

In support of their application, Plaintiffs cite to the California Probate Code (Doc. 96-1 at 2-4); Federal Rules of Civil Procedure 15, 16, and 25 (*id.* at 1, 4); and case law for the proposition that this Court can order "the Tulare County Public Administrator to open a probate and serve as

special administrator for Defendant Hodges's [e]state" (*id.* at 4). The undersigned disagrees.

The California Probate Code is California state law and cannot confer upon this Court authority beyond what has been outlined by the Supreme Court, as provided above in section II. Further, Rules 15 and 16 of the Federal Rules of Civil Procedure are inapplicable: Rule 15 concerns amended and supplemental pleadings and Rule 16 concerns pretrial conferences and general scheduling and case management. *See* Fed. R. Civ. P. 15, 16. Rule 25(a)(1) governs a district court's substitution of a party in place of a deceased party. Fed. R. Civ. P. 25(a)(1). It does not purport to empower federal courts to appoint administrators for the estates of deceased parties. Similarly, the case law cited by Plaintiffs speaks only to the ability of a federal court to substitute a proper party. It does not stand for the proposition that a federal court can direct a county official or state court to appoint an administrator for Defendant Hodges' estate.

Applying the *Marshall* test in an unpublished decision, the Ninth Circuit has affirmed the denial of a motion to appoint a personal representative. The Ninth Circuit ruled in *Hassanati ex rel. Said v. International Lease Finance Corp.*, 643 Fed. App'x 620, 622 (9th Cir. 2016), that a district court properly denied a motion to appoint plaintiff as a personal representative and correctly determined "that appointment of a personal representative falls within the probative exception because it, essentially, seeks that a [federal] court issue letters of administration."

Similarly, n *Sequoia Property & Equipment Limited Partnership v. United States*, a case predating *Marshall*, another judge of this Court reached the same result and denied a request from an adverse party seeking the Court to appoint a personal representative for a deceased defendant's estate. "In addition, the [g]overnment seeks this Court's appointment of [deceased defendant's husband] as [deceased defendant]'s personal representative. However, a state probate court, not a federal court, is empowered to make such an appointment. *See* Cal. Prob. Code, §§ 8400, 8405, 8420, 8440, 8460." *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002).

Another court denied a plaintiff's motion to substitute deceased defendants for their estates, holding that it was not a district court's role to appoint personal representatives of estates and noting, "[a]ppointing a personal representative is clearly administration of the estate." *Simmers*

*v. King Cnty.*, No. 2:21-CV-00100-RAJ-JRC, 2021 WL 1907820, at *2 (W.D. Wash. May 12, 2021) (quoting *Jones v. Harper*, 55 F. Supp. 2d 530, 533–34 (S.D.W. Va. 1999) ("There is nothing more central to the administration of the estate than the appointment of an administrator . . . Removing and/or appointing a personal representative has the practical effect of impermissibly drawing the property of the estate into the jurisdiction of this court.")).

As such, Plaintiffs' additional arguments regarding lack of prejudice from any such appointment and necessary speed to satisfy the timing of any such appointment need not be considered. (Doc. 96-1 at 5). Plaintiffs' application squarely falls under the probate exception outlined in *Marshall*. This Court does not have jurisdiction to direct a county agency or state body to act in connection with appointment of a special administrator for Defendant Hodges' estate.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, Plaintiffs' application for order to appoint special administrator for the estate of Defendant Aaron Hodges is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 6, 2024**                      _____
                                                    UNITED STATES MAGISTRATE JUDGE