UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN OTTELE, et al., *on their own behalf and on the behalf of the Estate of Adam J. Collier, decedent,*<br><br>Plaintiff,<br><br>v.<br><br>OSCAR MARTINEZ, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00187-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO SUBSTITUTE AMANDA HODGES AS SUCCESSOR IN INTEREST FOR DEFENDANT AARON HODGES<br><br>(Docs. 105, 110, 117)<br><br>**14-DAY DEADLINE** |

Plaintiff Susan Ottele and her since deceased husband, William Collier, Jr., initiated this action with the filing of a complaint on February 14, 2022, against Defendant correctional officers Oscar Martinez and Aaron Hodges. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and state law arising from the death of her son, Adam Collier, while incarcerated at Kern Valley State Prison. (Doc. 1). The operative first amended complaint ("FAC") was filed on May 25, 2022. (Doc. 13). Pending before the Court is Plaintiff's motion to substitute Amanda Hodges as successor in interest for deceased Defendant Aaron Hodges. (Docs. 105, 110, 117).

**I.      Background**

On March 2, 2023, Defendants filed a "Notice of Death of a Party" for Defendant Hodges, representing his date of death to be January 25, 2023, that his successor in interest was his spouse, Amanda Lynn Hodges, and that she could be contacted through counsel. (Doc. 33). No proof of service was filed indicating whether the notice was served on Ms. Hodges. On May 23, 2023, the Court granted the parties' stipulated request to extend the deadline to September 30, 2023, for

Plaintiff to file a motion to substitute a named party for Defendant Hodges.  (Doc. 42).  Plaintiff filed her motion to substitute Ms. Hodges on August 29, 2023.  (Doc. 45).  On October 2, 2023, the Court denied Plaintiff's motion to substitute Ms. Hodges, finding that Federal Rule of Civil Procedure 25 required proper service of the notice of death on nonparty representatives and successors, and separately, that the motion failed to include evidence establishing the propriety of substituting Ms. Hodges.  (Doc. 51).  The Court ordered that Plaintiff could resolve the noted deficiencies and renew her motion within 30 days of issuance of its order.  *Id.*

On October 20, 2023, Plaintiff appealed the Court's order denying substitution to the Ninth Circuit.  (Docs. 54, 55, 56).  Ultimately, the Ninth Circuit dismissed the appeal, finding it lacked jurisdiction because the challenged order was not final or appealable.  (Doc. 70).  The Ninth Circuit issued its formal mandate on February 12, 2024.  (Doc. 71).

On February 16, 2024, the undersigned issued findings and recommendations to grant Defendants' motion for summary judgment, filed November 3, 2023.  (Docs. 57, 72).  On August 23, 2024, the assigned district judged adopted in part the findings and recommendations, leaving only the wrongful death claims against Defendant Hodges.  (Doc. 82).

On September 6, 2024, Defendant filed a motion for reconsideration of the Court's order, limited only as regarding referral of the case to a trial setting conference, asserting that the case could not proceed to trial against a deceased defendant who had not been substituted.  (Doc. 85).  In Defendant's reply (Doc. 91) to Plaintiff's opposition (Docs. 89, 90), Defendant agreed to file a renewed suggestion of death for Defendant Hodges, which would renew the 90-day period in which to file a motion for substitution.  The Court granted the motion for reconsideration on September 25, 2024, vacating the prior order only insofar as it called for an immediate trial setting conference, and ordered the Defendant to file a renewed notice of death within 21 days.  (Doc. 92).  Defendant timely filed the renewed notice of death on October 2, 2024.  (Doc. 93).

In the renewed notice, Defendant's counsel represented that Defendant Hodges died on January 25, 2023, and that, following counsel's unsuccessful search to locate probate matters in Defendant Hodges' name, "[o]n information and belief, Defendant Hodges's successor-in-interest is his spouse, Amanda Lynn Hodges.  On information and belief, Anthony Jones has power of

1  attorney for Ms. Hodges." *Id.* at 2. Defendant's counsel provided that the renewed notice would
2  be served on Ms. Hodges' power of attorney, Anthony Jones, and proof of service provided to
3  Plaintiff's counsel and the Court. *Id*. Defendant filed a request to seal the proof of service on Mr.
4  Jones on October 3, 2024 (Doc. 94), which was granted by the Court the following day (Docs. 95,
5  98).
6  On October 9, 2024, Plaintiff filed an *ex parte* application to appoint a special
7  administrator for the estate of Defendant Hodges. (Doc. 96). Following briefing, on November
8  7, 2024, the Court denied the application, finding that under *Marshall v. Marshall*, 547 U.S. 293,
9  298 (2006) and other Ninth Circuit authority, it "does not have jurisdiction to direct a county
10 agency or state body to act in connection with appointment of a special administrator for
11 Defendant Hodges' estate." (Doc. 101 at 5).
12 On December 30, 2024, Plaintiff filed a renewed motion to substitute Amanda Hodges as
13 successor in interest for Defendant Hodges. (Doc. 105). Defendant filed an opposition (Doc.
14 106) and Plaintiff filed a reply (Doc. 107). Defendant again requested the Court to seal the proof
15 of service of the opposition on Mr. Jones (Docs. 108, 111), which the Court granted (Docs. 112,
16 113). Plaintiff refiled her same renewed motion to substitute twice: once on January 27, 2025
17 (Doc. 110), and once again on February 3, 2025 (Doc. 117). In the most recent of those filings,
18 counsel attested that Plaintiff had commenced an action in state court seeking the appointment of
19 a special administrator for the estate of Defendant Hodges. (Doc. 117-1 ¶ 10). Although the
20 presiding state court judge denied Plaintiff's application to appoint a special administrator,
21 Plaintiff was permitted in that action to seek to have Ms. Hodges appointed as administrator and
22 the case was set for a future hearing. *Id.* ¶¶ 14-15.
23 Thereafter, the Court held a hearing on Plaintiff's motion for substitution. (Doc. 119).
24 Following the hearing, the Court ordered the parties to file a joint report addressing the status of
25 the anticipated state court proceeding concerning Plaintiff's request in state court to have Ms.
26 Hodges appointed as administrator of the estate of Defendant Hodges. *Id.* On March 25, 2025,
27 the parties filed their joint report (Doc. 120), representing that the state court had denied
28 Plaintiff's application to appoint Ms. Hodges as administrator. Plaintiff provided that she had

filed a petition for a professional administrator, Marion Austin, to be appointed as administrator of the estate of Defendant Hodges and attached a copy of the petition to the report. (Doc. 120 at 4-8).

## II.     Governing Law

Federal Rule of Civil Procedure 25(a)(1) governs substitution of a deceased party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

When evaluating a Rule 25 motion to substitute, a court must consider whether: "(1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Id.* (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who … would adequately represent [the decedent's] interests." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).

Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).  The first step is the formal suggestion of the death of the party upon the record; the second step is service of other parties and nonparty successors or representatives of the deceased with a statement of death. *Id.*

"A party may be served the suggestion of death by service on his or her attorney [] while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Baker v. Cnty. of Alameda*, No. 23-CV-03041 NC, 2025 WL 636986, at *1 (N.D. Cal. Feb. 27, 2025) (citing Fed. R. Civ. P. 5(b), 25(a)(3); *Barlow,* 39 F.3d at 232-234).  Pursuant to Rule 25, the motion to substitute must also be served on non-parties in compliance with Rule 4.  *See* Fed. R. Civ. P. 25(a)(3).

4

1    Regarding extinguishment, generally the law of the forum state determines whether a 42
2 U.S.C. § 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. §
3 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592 (1978).  In California, "a cause of action for
4 or against a person is not lost by reason of the person's death, but survives subject to the
5 applicable limitations period." Cal. Code Civ. Proc. § 377.20(a).
6    Lastly, "[w]hile Rule 25 provides the procedure for substitution of a 'proper party,' '[t]he
7 question of who is a proper party is a substantive issue, for which we must rely upon state law.'"
8 *Fox v. Cnty. of Tulare*, No. 1:11-cv-00520-AWI-SMS, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5,
9 2014) (quoting *In re Baycol Products Litig.*, 616 F.3d at 787–88).  Thus, the Court must look to
10 California law to determine whether the proposed party may be properly substituted.

11 **III.    Discussion**

12   **A. Service of Motion**

13    As a preliminary matter, Plaintiff was required, pursuant to Federal Rule of Civil
14 Procedure 25, to serve her motion to substitute "together with a notice of hearing [] on the parties
15 as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).  Rule 4
16 requires service on an individual within a judicial district of the United States by (1) delivering a
17 copy to the individual personally, (2) leaving a copy at the individual's dwelling or usual place of
18 abode with someone of suitable age and discretion who resides there, (3) delivering a copy to an
19 agent authorized by appointment or by law to receive service, or (4) pursuant to state law for
20 serving a summons.  Fed. R. Civ. P. 4(e).

21    Here, the record reflects that Plaintiff has failed to properly serve her motion to substitute
22 on the proposed nonparty successor in interest (Ms. Hodges).  Plaintiff filed proof of service by
23 mailing on Ms. Hodges at a presumed residential address in Tulare, California.  (Doc. 105-1 at
24 21; Doc. 105-2 at 3; Doc. 110 at 8; Doc. 117-1 at 21).  However, service by mail is insufficient
25 under Rule 4 and under state law for serving a summons.  *See* Fed. R. Civ. P. 4(e)(1); *Barlow*, 39
26 F.3d at 234 (acknowledging that, though California law permits service of a summons by mail,
27 such service is valid only when a signed acknowledgment is returned and other requirements are
28 complied with, or a copy is also left at the person's office or dwelling) (citing Cal. Civ. Proc.

1  Code § 415.30 and *Tandy Corp. v. Super. Ct.*, 117 Cal.App.3d 911, 913 (1981) (holding that
2  service by certified mail does not constitute constructive service where an acknowledgment was
3  not executed and returned pursuant to Cal. Civ. Proc. Code § 415.30)). Although during the
4  motion hearing counsel for Plaintiff maintained (without citation to authority) that attempted
5  delivery at a last known address alone satisfies Rule 4(e)'s service requirement, Plaintiff did not
6  provide any signed acknowledgment or proof of any copy of the motion left at Ms. Hodges'
7  dwelling.[1]  *Cf.* Cal. Civ. Proc. Code § 415.30(a) ("When service is effected by leaving a copy of
8  the summons and complaint at a mailing address, it shall be left with a person at least 18 years of
9  age, who shall be informed of the contents thereof.").

10  The record is equally clear that Plaintiff could have but did not in fact serve the motion
11  upon Mr. Jones (Ms. Hodges' purported power of attorney, *see* Doc. 106-1). Thus, in a prior
12  filing, Defendant represented that the sealed proof of service of the notice of death made upon
13  Mr. Jones on October 2, 2024, which identified Mr. Jones' address, was provided to Plaintiff
14  under an attorneys' eyes-only restriction. (Doc. 94; *see* Doc. 98). As the undersigned noted
15  during the hearing on Plaintiff's motion, this refutes the representation by Plaintiff's counsel that
16  Defendant "has not provided the residence of the individual who holds the power of attorney for
17  Ms. Hodges." (Doc. 107-1 ¶ 8). Indeed, during the motion hearing, counsel for Plaintiff
18  remarked that service of the motion had, in fact, been attempted on Ms. Hodges' power of
19  attorney (Mr. Jones).

20  But in any event, it is unlikely that service upon Mr. Jones of Plaintiff's motion to
21  substitute would satisfy Rule 4(e). Specifically, service of a pleading under Rule 4(e)(2)(C) may
22  be made by delivery upon "an agent authorized by appointment or by law to receive service of
23  process." Simply referring to Mr. Jones as Ms. Hodges' power of attorney does not establish
24  under either Rule 4(e) or state law that he is authorized by appointment or law to receive service
25  of process on Ms. Hodges' behalf. *See, e.g., Kokhar v. J C K Am. Transp., Inc.*, No. 23-CV-1211
26  JLS (DDL), 2024 WL 5472631, at *2-3 (S.D. Cal. June 28, 2024) (citing cases); *Fed. Ins. Co. v.*

---

[1] Each proof of service on Ms. Hodges inexplicably lists the service date as "November 21, 2023," a date over a year in advance of the filing of the motion to substitute and more than ten months prior to defense counsel's filing of the renewed notice of death of Defendant Hodges (*see* Doc. 93).

6

*Caldera Med., Inc.*, No. 2:15-cv-00393-SVW-PJW, 2015 WL 12655601, at *1-2 (C.D. Cal. Apr. 8, 2015) (citing cases).

Thus, because Plaintiff has failed to comply with the Federal Rules of Civil Procedure and state law regarding proper service of the motion to substitute, the motion to substitute should be denied. *See Jackson v. Rowlett*, No. CIV S-04-0741 JAM DAD P, 2008 WL 2130378, at *2 (E.D. Cal. May 21, 2008), *report and recommendation adopted*, No. CIV S-04-0741 JAM DAD P, 2008 WL 3974411 (E.D. Cal. Aug. 22, 2008) (denying motion to substitute where plaintiff "failed to take the necessary action to enable the United States Marshal to serve Mr. Matt Rowlett with the suggestion of death and plaintiff's renewed motion for substitution in the manner provided by Rule 4 of the Federal Rules of Civil Procedure despite being given the opportunity to do so").

**B. Timeliness**

As noted above, the motion to substitute must be timely. *See* Fed. R. Civ. P. 25(a)(1). Rule 25(a)(1) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow*, 39 F.3d at 233. The first step is the formal suggestion of the death of the party upon the record and the second step is service upon other parties and nonparty successors or representatives of the deceased with a statement of death in the same manner as required for service of the motion to substitute. *Id.*

Here, the renewed notice of death (Doc. 94) was filed on October 3, 2024. It was personally served upon Defendant Hodges' successor in interest's power of attorney, Mr. Jones, on October 2, 2024. (Doc. 98). Defendant represents that the proof of service was provided to Plaintiff's counsel marked attorneys' eyes only. (Doc. 94 at 2). As such, the 90-day period began to run on October 3, 2024. Plaintiff filed her motion on December 30, 2024. (Doc. 105). Plaintiff's subsequent filings related to the motion appear to be nearly identical re-filings of the same motion: once on January 27, 2025 (Doc. 110), and once on February 3, 2025 (Doc. 117).

Plaintiff's filing on January 27, 2025 (Doc. 110), does not contain in the filing the accompanying declaration of counsel and notice of motion as in the original filing (though it still retains the notation on the cover page from the original motion, stating that it does contain the

7

1  accompanying declaration and notice).  The January 27, 2025, filing (Doc. 110) sets a motion
2  hearing date, which the initial filing (Doc. 105) failed to do.
3  　　　As to the February 3, 2025, filing (Doc. 117), it appears to be in response to the Court's
4  minute order (Doc. 114) informing the Plaintiff that the prior motion filing (Doc. 110) set an
5  improper hearing date in violation of Local Rule 230(b).  Plaintiff then filed an updated notice of
6  motion with a new hearing date, the identical declaration of counsel as in the original motion
7  (Doc. 105), and an identical memorandum of points and authorities, with only an updated cover
8  page and signing date.  (*See* Doc. 117).
9  　　　At the motion hearing, counsel for Defendant acknowledged that Plaintiff's motion was
10 timely filed.  Accordingly, Plaintiff's motion was complete and filed on December 30, 2024, and,
11 thus, is timely.

**C.  Extinguishment**

In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a).  If an injury giving rise to liability occurs before the death of the decedent, then the claim survives to the decedent's estate.  *See* Cal. Civ. Proc. Code § 377.30.

As the forum state here is California and the only remaining claims are brought pursuant to California state law (*see* Doc. 82), the death of Defendant Hodges did not extinguish the claims.  *See Kaplan v. Cnty. of Kern*, No. 1:14-CV-00206-DAD-JLT, 2016 WL 3196740, at *1 (E.D. Cal. June 8, 2016).

**D.  Substitution of Proper Party**

California law provides that "a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest," subject to the applicable portions of the California Probate Code (namely Part 4, commencing with § 9000).  Cal. Civ. Proc. Code § 377.40.

*i.  California Probate Code Requirements*

"California Probate Code § 9370 provides that an action against the decedent at the time of death may not be continued against the decedent's personal representative unless: (1) a claim is

8

first filed; and (2) the claim is rejected in whole or in part. The Court may not relieve Plaintiff of the obligation to comply with the claims presentation process." *Elder v. Joksch*, No. 2:16-CV-1925-DJC-DMC-P, 2024 WL 4262324, at *2 (E.D. Cal. Sept. 20, 2024) (quotations omitted) (citing Cal. Prob. Code § 9370(a); *Grimes v. Dunlap*, No. 16-cv-01488-WHO (PR), 2019 WL 4601540, at *6 (N.D. Cal. Sept. 23, 2017)).

In the declaration of counsel Jay A. Christofferson accompanying the motion to substitute (Doc. 105-1), Mr. Christofferson represents that no one in Defendant Hodges' family, including Ms. Hodges, has filed a petition for probate to be appointed administrator of Defendant Hodges' estate. (*Id.* ¶ 5). Counsel further represents that he filed a referral form with the Kern County Sheriff's Office's Department of the Public Administrator, requesting the Public Administrator to open a probate proceeding for Defendant Hodges' estate; the request was denied due to lack of jurisdiction over the estate. (*Id.* ¶¶ 6-7). Counsel attests that, subsequently, his staff sought out pro bono attorneys to see if any would be willing to serve as special administrator; after speaking with three such attorneys, no such individual was located. (*Id.* ¶ 8). Counsel provides that his staff then placed calls to the Tulare County Public Administrator's Office, requesting they accept the role as special administrator; no return calls were received. (*Id.* ¶ 9).

Counsel declares that he requested the Tulare County Superior Court order the Tulare County Public Administrator to file an *ex parte* petition in state court requesting appointment as special administrator, with the power to represent the estate in the instant action. The state court granted the request for the Tulare County Public Administrator to serve as special administrator of the estate of Defendant Hodges. *See* (*Id.* ¶ 11; Ex. C). The Tulare County Public Administrator then filed a petition for letters of administration to serve as special administrator. *See* (*Id.* ¶ 12; Ex. D).

At a hearing on December 27, 2024, the presiding state court judge granted the request of the Tulare County Public Administrator to be absolved of any obligation to serve as special administrator because the estate had no assets. (*Id.* ¶ 15). In his order, the presiding state court judge ruled that Plaintiff could seek to have Ms. Hodges appointed as administrator. (*Id.*). Counsel for Plaintiff provides that his office filed, on January 10, 2025, a petition for the issuance

9

of letters of special administration appointing Ms. Hodges as administrator for Defendant Hodges' estate. *See* (Doc. 107-1 ¶ 5; Ex. A). However, on March 19, 2025, the state court denied the petition for Ms. Hodges to be appointed administrator, with no further dates scheduled in the state action. (Doc. 120 at 1). Plaintiff has filed a petition in state court for a professional administrator, Marion Austin, to be appointed administrator. (*Id.* at 2; Ex. A).

Thus, Plaintiff has filed a probate claim in state court which has been rejected, at least in part. As such, Plaintiff has complied with the state law requirement regarding claims presentation. *See* Cal. Prob. Code § 9370.

### ii. California Code of Civil Procedure Requirements

California Code of Civil Procedure § 377.32 requires that a person seeking to continue a pending action as a decedent's successor in interest submit a declaration supporting substitution. Cal. Civ. Proc. Code § 377.32(a); *see Anderson v. Hickman*, No. CIV. S-07-1466 LKK DAD, 2008 WL 2397470, at *1 & n.1 (E.D. Cal. June 11, 2008) (finding that, even if submission of such an affidavit may be a state law procedure, its content is substantive and the state's requirement for such suggests existence of a substantive state law rule; noting "most federal courts to have confronted the issue have found that plaintiffs must satisfy the procedural requirements of section 377.32") (citing cases). Accord, *Kirby v. AT&T Corp.*, No. 3:21-cv-01680-BEN-BGS, 2022 WL 1227993, at *1 (S.D. Cal. Apr. 26, 2022) (citing, *inter alia*, *Anderson*); *King v. United States*, No. 5:15-cv-00753-CAS(DTBx), 2016 WL 146424, at *6 (C.D. Cal. Jan. 11, 2016).

Specifically, the California Code of Civil Procedure requires the following:

(a) The person who seeks … to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or declaration under penalty of perjury under the laws of this state stating all of the following:
  (1) The decedent's name.
  (2) The date and place of the decedent's death.
  (3) "No proceeding is now pending in California for administration of the decedent's estate."
  (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest.

10

  (5) Either of the following, as appropriate, with facts in support thereof:
   (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding."
   (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
  (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding."
  (7) "The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct."
(b) Where more than one person executes the affidavit or declaration under this section, the statements required by subdivision (a) shall be modified as appropriate to reflect that fact.
(c) A certified copy of the decedent's death certificate shall be attached to the affidavit or declaration.

Cal. Civ. Proc. Code § 377.32.

There is no dispute that Plaintiff has failed to support her motion with a declaration that complies with § 377.32 or a certified copy of Defendant Hodges' death certificate as required. Where, as here, a plaintiff seeks to appoint a successor in interest for a deceased defendant, district courts within the Ninth Circuit have reached divergent conclusions as to which party bears the burden to demonstrate the party to be substituted is a proper successor in interest. *Cf. Bailey v. MacFarland*, No. 2:15-CV-01725-TLN-DB, 2020 WL 5763825, at *4 (E.D. Cal. Sept. 28, 2020) (finding the burden to establish the identity of deceased defendant's successor lay with co-defendant, not plaintiff, as decedent and co-defendant were represented by same counsel who had existing relationship with decedent's family and plaintiff did not) (citing *Gilmore v. Lockard*, 936 F.3d 857, 866–67 (9th Cir. 2019)), *with Milla v. City of Los Angeles*, No. 2:16-CV-00134-FWS-MRW, 2023 WL 9379153, at *4-5 (C.D. Cal. Oct. 18, 2023) (finding plaintiff did not adequately demonstrate that defendant's proffered successor in interest was the proper party to substitute) (citing Fed. R. Civ. P. 25(a)(1) and Cal. Civ. Proc. Code § 377.32).

In *Gilmore*, the Ninth Circuit concluded under the facts of that case that counsel for the defendant was the better party situated to *identify* the proper successor in interest and thus bore

11

the burden of identifying and serving upon that nonparty a notice of suggestion of death. 936 F.3d at 866. Because the only issue before the court in *Gilmore* was whether a notice of suggestion of death that did not identify any nonparty successor properly triggered the running of the 90-day deadline to move to substitute, the Ninth Circuit did not address the separate question of which party bears the burden of presenting in support of a motion to substitute a declaration compliant with Cal. Civ. Proc. Code § 377.32(a).

In *Bailey*, another judge of this Court relied on *Gilmore* to conclude under the facts presented that the defendant bore the burden of demonstrating that the substituted party was, in fact, an executor or administrator of the estate at issue. 2020 WL 5763825, at *5. But the facts of that case are materially different than those present here. First, there was no dispute that the party to be substituted (a decedent's son) was the actual successor in interest because the decedent had previously divorced his spouse, leaving only the son as heir. *See id.* ("[the defendant] does not oppose or even address the applicability of § 13006 [probate code's successor in interest provisions] in any of its filings"). Second, the court did not address the requirements of Cal. Civ. Proc. Code § 377.32 that are at issue here because the party to be substituted, in fact, filed an affidavit attesting that the decedent died intestate without his estate being probated. *Id.* Thus, the Court affirmatively held that the party to be substituted was, in fact, a proper successor in interest. *Id.* Here in contrast, as set forth on the record during the motion hearing, there is no similar evidence before the undersigned (whether a declaration compliant with § 377.32(a) or otherwise) from which any conclusion can be made as to Ms. Hodges' standing as a proper successor in interest.

As to the showing required under § 377.32(c), Plaintiff asserts that she cannot obtain a certified death certificate without cooperation from Ms. Hodges and that, in the alternative, she has requested a "non-certified death certificate." (Doc. 107 at 6 & n.2, 8; Doc. 105-1 at 4). This proposition seems dubious. As noted on the website of the California Department of Public Health:

> A certified copy [can] be used to obtain identification for a person named on the certificate, whereas a certified informational copy CANNOT be used. Persons who are not eligible to receive a certified copy can receive a certified informational

copy. *Both types of documents are certified copies of the original document on file with our office.* Depending on the exact year of event, some Certified Informational Copies will have signatures and Social Security numbers removed.[2]

Counsel for Plaintiff has not attested to any efforts undertaken to obtain a certified death certificate and merely declares he "understands" Ms. Hodges maintains such death certificate. (Doc. 105-1 at 4). But as described above, Plaintiff is able to acquire a certified copy of Defendant Hodges' death certificate and has failed to attach such a copy to the motion or the accompanying declaration of Mr. Christofferson.[3]

For this reason, as well as Plaintiff's failure to properly serve the motion to substitute upon nonparties as discussed above in subsection (A), the undersigned will recommend that Plaintiff's motion to substitute (Docs. 105, 110, 117) be denied

**IV.     Conclusion and Recommendation**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion to substitute Amanda Hodges as successor in interest for Defendant Aaron Hodges (Docs. 105, 110, 117) be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///

///

///

---

[2] California Department of Public Health, "Apply for Death Certificate," available at https://perma.cc/P6UZ-34WQ (last visited May 5, 2025) (emphasis added); *see* Tulare County Office of the Assessor/Clerk-Recorder, "Death Certificate," available at https://tularecounty.ca.gov/assessor/county-clerk-recorder/death-certificate/ (last visited May 5, 2025); *see also* Cal. Health & Safety Code § 103526.

[3] Because Plaintiff's motion to substitute fails to comply both with the applicable rules regarding service of process and with Cal. Civ. Proc. Code § 377.32, including, specifically, by submission to the Court of a certified death certificate, the Court need not resolve the issue noted above under *Gilmore v. Lockard* as to which party bears the burden of showing that the nonparty to be substituted satisfies the successor in interest elements under § 377.32(a). Under the facts of this case, both sides are equally well suited to obtain a certified death certificate or suitable substitute.

Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2025**                              _____
                                                       UNITED STATES MAGISTRATE JUDGE