**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN OTTELE, et al., on their own behalf and on the behalf of the Estate of Adam J. Collier, decedent,<br><br>Plaintiffs,<br><br>v.<br><br>OSCAR MARTINEZ, et al.,<br><br>Defendants. | Case No. 1:22-cv-00187 JLT CDB<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, SUBSTITUTING DEFENDANT, AND REFERRING THE MATTER FOR A TRIAL SETTING CONFERENCE<br><br>(Docs. 117, 121) |

Susan Ottele brings this action on her own behalf and on behalf of the estate of her son, Adam J. Collier, who died in the Kern Valley State Prison. (Docs. 1, 13.) The action is proceeding on one claim, for wrongful death, against one defendant, Aaron Hodges. (*See* Docs. 82, 92.)

Defense counsel has filed and served notices of Aaron Hodges's death under Federal Rule of Civil Procedure 25(a). (*See* Docs. 33, 93.) Plaintiff moved in response to substitute Amanda Hodges in the place of Aaron Hodges; she was his spouse at the time of his death. (*See* Docs. 110, 117.) The Magistrate Judge recommends denying the motions based on shortcomings in Plaintiff's efforts to complete service of the motion and to comply with state statutes on the liability of successors in interest. (Doc. 121.) Plaintiff objected to the magistrate judge's Findings and Recommendations, and Defendant responded to these objections. (Doc. 122–24.)

1

Plaintiff has also filed a declaration by her counsel, who states that a state court has appointed Marion Austin, a professional fiduciary, as the administrator of the estate of Aaron Hodges, with further proceedings to follow.  (Doc. 125.)  The Court instructed the parties to meet and confer and to submit a joint status report on how the case should proceed in light of Austin's appointment and any other developments in the state courts.  (Doc. 126.)  The parties filed their joint report in August 2025.  (Doc. 127.)  Plaintiff represents without contradiction, that an estate has been opened, that the state court granted her request to appoint Austin as administrator, and that Plaintiff served Austin with a copy of the notice of death.  (*Id.* at 2–3.)  Defendant argues Austin's appointment is "irrelevant" and asks the court to adopt the Findings and Recommendations, not to grant Plaintiff any further opportunities to substitute any person for Aaron Hodges, and to dismiss the action with prejudice.  (*See id.* at 3–5.)

The Court has reviewed the matter de novo.  It will not be productive to review this case's complex history in further detail, nor to discuss the procedural rules that have prompted so much litigation over the years this case has been pending.  It suffices to emphasize, as this Court did in a previous case, that the Federal Rules "should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [a decedent's] interests." *Maseda v. Saul*, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021) (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)).  The Rules give this Court authority to extend deadlines based on a party's excusable neglect, Fed. R. Civ. P. 6(b)(1), to extend the time for serving process "for an appropriate period" for good cause, Fed. R. Civ. P. 4(m), and to permit litigants to correct their failures to comply with state statutes governing survival actions, *see, e.g.*, *Est. of Miller v. County of Sutter*, No. 20-00577, 2020 WL 6392565, at *4 (E.D. Cal. Oct. 30, 2020) (citing *Frary v. County of Marin*, 81 F. Supp. 3d 811, 846 (N.D. Cal. 2015) and *Alejandre v. County of San Joaquin*, No. 19-233, 2019 WL 2355596, at *2 (E.D. Cal. June 4, 2019)).  This Court also has authority to relieve a party from any applicable adverse orders and rulings when doing so is necessary to avoid an injustice.  *See, e.g.,* Fed. R. Civ. P. 54(b), 59(e), 60(b); *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

The Court finds after reviewing the record that any faults in Plaintiff's requests to substitute and to complete service were due to factors beyond her control or excusable neglect. The Court also finds that the purposes of the relevant Federal Rules and California statutes would be better served by an order permitting a substitution than denying it, particularly in light of the state court's decision to appoint an administrator and Plaintiff's long-running efforts to identify and substitute a proper defendant.  The Court therefore **ORDERS** as follows:

(1) The Court **DECLINES TO ADOPT** the Findings and Recommendations (Doc. 121).

(2) The Court **CONSTRUES** Plaintiff's pending motions, the declarations of her counsel, her objections to the findings and recommendations, and her statements in the parties' joint report (*see e.g.*, Docs. 110, 117, 122, 123, 125, 127) as requests for extensions of time to file and serve appropriate motions to substitute under Rules 4(m), 6(b), 25(a) and under this Court's inherent authority.  So construed, those requests are **GRANTED**.  The Court **SUBSTITUTES** Marion Austin as administrator of the Estate of Aaron Hodges as the defendant in this action in place of the deceased individual defendant, Aaron Hodges, who is **DISMISSED**. Plaintiff shall file any necessary amendments or other documents required by California law governing survival actions, including any necessary declarations, within thirty days.

(3) The Court directs the Clerk's Office to terminate all pending motions.

(4) The Court refers the matter to the magistrate judge to hold a trial-setting conference.

IT IS SO ORDERED.

Dated: __**February 18, 2026**__ 

UNITED STATES DISTRICT JUDGE

3