UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN OTTELE,<br>Plaintiff,<br>v.<br>OSCAR MARTINEZ, *et al.*,<br>Defendants. | Case No. 1:22-cv-00187-JLT-CDB<br>ORDER DIRECTING COUNSEL FOR PLAINTIFF TO FILE SUPPLEMENTAL DECLARATION<br>(Doc. 143)<br>**7-Day Deadline** |

On February 18, 2026, the presiding district judge granted Plaintiff's motion to substitute and substituted Marion Austin as administrator of the Estate of Aaron Hodges, dismissing deceased individual defendant Aaron Hodges. (Doc. 128). Defendant was served with summons and complaint and failed to timely file any responsive pleading. (Doc. 134). Thereafter, Plaintiff filed the pending motion for default judgment. (Doc. 143).

**Background**

Attached to Plaintiff's motion for default judgment are proofs of service dated May 11, 2026, in which Plaintiff represents that the motion for default judgment, notice of the motion, and accompanying documents were served on Defendant by email at marion@marionaustin.com. (Doc. 143 at 12; Doc. 143-1 at 4; Doc. 143-2 at 9; Doc. 143-3 at 563; Doc. 143-4 at 3).

Additionally, attached to Plaintiff's request for entry of default are proofs of service dated

April 10, 2026, in which Plaintiff represents that the request for entry of default and accompanying documents were served on Defendant by email at marion@marionaustin.com. (Doc. 140 at 3; Doc. 140-1 at 6; Doc. 140-2 at 3). On May 12, 2026, Plaintiff served upon Defendant by email at marion@marionaustin.com the Court's minute order (Doc. 144) setting a hearing on the motion for default judgment. (Doc. 145 at 6). On May 27, 2026, Plaintiff served upon Defendant by email at marion@marionaustin.com the Court's minute order (Doc. 147) advising the parties that they may appear remotely for the hearing. (Doc. 148 at 6).

In each proof of service, Plaintiff includes a clarifying statement that "[b]ased upon a Court Order, Local Rules of Court, or an agreement of the parties to accept service by e-mail or electronic transmission," the server therefore caused documents to be sent to Defendant by electronic service and did not receive an indication that the transmission was unsuccessful. *See, e.g.* (Doc. 145 at 6; citing Cal. Civ. Proc. Code § 1010.6 and Cal. Rule of Court 2.251).

**Discussion**

"Under the Federal Rules of Civil Procedure, electronic service of documents on a party that has already been served with the summons in the action is allowed through consent of the party being served." *Brooke v. Sai Ashish, Inc.*, No. 1:21-cv-00967-AWI-SAB, 2021 WL 3723216, at *2 (E.D. Cal. Aug. 23, 2021) (citing Fed. R. Civ. P. 5(b)(2)(E); Cal. Rule of Court 2.251(b); Cal. Civ. Proc. Code § 1013(e)-(g); & *Lasalle v. Vogel*, 36 Cal. App. 5th 127, 138 (2019) ("We find it significant that by law e-mails are insufficient to serve notices on counsel in an ongoing case without prior agreement and written confirmation …")). Though the Federal Rules of Civil Procedure do not require service on a defaulting party who has not appeared, the Court maintains discretion to order service on a defaulting party. *See id.* (citing Fed. R. Civ. P. 5(a)(2), 55(b)(2); & *First Home Bank v. T.R.A.V. Meat Corp.*, No. CV 17-7670-MWF(PLAx), 2018 WL 6071045, at *2 (C.D. Cal. Jan. 17, 2018)).

Here, the Court in its discretion ordered Plaintiff to serve the motion for default judgment upon Defendant (Doc. 139), as well as to serve the Court's two subsequent minute orders (Docs. 144, 147) regarding the hearing on the motion. Plaintiff represents service was completed via electronic transmission to marion@marionaustin.com and includes a general statement in the

proofs of service that a court order, a rule of court, or an agreement of the parties permitted electronic service. However, the Court issued no such order nor does this Court have any such generally applicable Local Rule, and the Court is without any declaration or affidavit indicating that Defendant affirmatively expressed consent to service by email. Plaintiff includes no information in the pending motion for default judgment, nor in any prior filing, establishing that Defendant Marion Austin, as administrator for the Estate of Aaron Hodges, consented to electronic service.

Thus, the Court will direct counsel for Plaintiff to file a supplemental declaration addressing the propriety of electronic service upon Defendant via the listed email address, or in the alternative, the need to undertake additional remedial service consistent with the authorities noted above.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that, **within seven (7) days** of entry of this order, counsel for Plaintiff shall file a supplemental declaration setting forth (1) whether Defendant expressly consented to electronic service, (2) the medium of communication in which consent was obtained, (3) the date that consent was obtained, and (4) whether Defendant supplied an email address for receipt of electronic service. In the alternative, counsel's supplemental filing shall address the need, if any, to undertake additional remedial service consistent with the authorities noted above.

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE